

SO ORDERED.

SIGNED this 06 day of May, 2010.

                                               Dale L. Somers
                                  UNITED STATES BANKRUPTCY JUDGE

Opinion designated for on-line use; opinion not designated for publication.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

| In Re: | |
|---|---|
| CHAD E. THOMAS, and<br>MICHELLE M. THOMAS, | CASE NO. 09-10316<br>CHAPTER 7 |
| DEBTORS. | |
| J. MICHAEL MORRIS, Trustee, | |
| PLAINTIFF, | |
| v. | ADV. NO. 09-5068 |
| CHRYSLER FINANCIAL SERVICES<br>AMERICAS, LLC., | |
| DEFENDANT. | |

## MEMORANDUM OPINION AND ORDER
## GRANTING TRUSTEE'S PREFERENCE COMPLAINT

The Chapter 7 Trustee, J. Michael Morris (hereafter "Trustee"), commenced this action against Defendant Chrysler Financial Services Amercias, LLC (hereafter "Chrysler") by filing a Complaint to Avoid, Preserve, and Recover (1) Underperfected Security Interest; and (2) Preferential Transfer relating to Debtor's exempt 2006 Dodge Caravan, the purchase of which was financed by Chrysler. The Trustee appears by J. Michael Morris, of Klenda, Mitchell, Austerman & Zuercher, LLC. Chrysler appears by Marilyn J. Washburn, of Reizman Berger, PC. There are no other appearances. The Court has jurisdiction.[1]

By agreement of the parties this case is submitted to the Court on stipulated facts and briefs.[2] The following is a quotation of those stipulated facts:

1. This adversary action relates to *In re: Chad E. Thomas and Michelle M. Thomas*, Case No. 09-13016 pending in the United States Bankruptcy Court, District of Kansas.

2. This is a core proceeding pursuant to 28 U.S.C. §157.

3. The above bankruptcy case was filed under Chapter 7 on February 12, 2009 under 11 U.S.C.

4. On or about May 16, 2007 the debtors entered into a note and security interest

---

[1] This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). There is no objection to venue or jurisdiction over the parties.

[2] Doc. 24.

with defendant Chrysler Financial Services, Americas, LLC ("Chrysler") as to a 2006 Dodge Caravan. The original amount financed was $19,812.16. Attached hereto (Exhibit "A") is a true and accurate copy of the Retail Installment Contract and Title as to the vehicle.

5. Also attached hereto (Exhibit "B") is a true and accurate listing of the prepetition payments made by the debtors to defendant on the loan obligation at issue.

6. Further, attached hereto (Exhibit "C") is a true and accurate list of the postpetition payments made by the debtors to defendant on the loan obligation at issue.

7. On or about January 24, 2009 the debtors paid $2,545.65 to defendant Chrysler with regard to the obligation. After this payment, the debtors' principal balance was $13,029.73.

8. On January 24, 2009, and the date of the filing of the petition, the vehicle at issue had a value of no greater than $11,978.00. This amount is the NADA "clean retail" value with a low mileage adjustment.

9. On January 24, 2009, and the date of the filing of the petition, the 2006 Dodge in which defendant held an security interest had a Kelley Blue Book value of no more than $7,590.00.

10. The $2,545.65 payment posted on 1/26/09 was made directly to defendant by the debtors.

11. Unsecured creditors will not receive a 100% dividend even if the payment at issue herein is recovered for the benefit of the estate.

3

**POSITIONS OF THE PARTIES.**

The Complaint alleges that Chrysler's lien in the Dodge Caravan is not perfected, but the Trustee does not provide authority in his brief to support this allegation. Chrysler's brief asserts that the issue has been abandoned, and the Trustee' reply brief does not controvert this assertion.[3]

Thus, the only issue to be decided is whether the payment to Chrysler of $2,545.65 on January 24, 2009, less than 90 days before Debtors filed for relief on February 12, 2009, was preferential. The Trustee asserts that all of the elements of a preferential transfer are satisfied. Chrysler responds that the payment was not preferential because Chrysler received no more than it would have under the terms of the contract, the payments were made as an aspect of prebankruptcy planning of the transfer of funds into an exempt asset, and the Trustee has not shown that the payment enabled Chrysler to obtain more than it would have obtained if the estate were liquidated.

**ANALYSIS.**

The Trustee's action is under 11 U.S.C. § 547(b), which provides:

> (b) . . . [T]he trustee may avoid any transfer of an interest of the
> debtor in property--
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by
> the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made–
> (A) on or within 90 days before the date of
> the filing of the petition; or
> (B) between ninety days and one year before the
> date of the filing of the petition, if such creditor at
> the time of such transfer was an insider; and

---

[3] The Court's review of the copy of the certificate of title for the vehicle shows that the lien is perfected.

>                    (5) that enables such creditor to receive more than such
>                    creditor would receive if--
>                            (A) the case were a case under chapter 7 of this
>                            title;
>                            (B) the transfer had not been made; and
>                            (C) such creditor received payment of such debt to
>                            the extent provided by the provisions of this title.

Thus to establish a preferential transfer the trustee, who has the burden of proof,[4] must satisfy five elements: (1) That the transfer benefits a creditor; (2) on account of an antecedent debt; (3) made while the debtor was insolvent; (4) made within 90 days, or one year if the transferee was an insider, before bankruptcy; and (5) enables the creditor to receive a larger share of the estate than if the transfer had not been made.[5]

Each of these elements is satisfied in this case. First, the parties have stipulated that Debtors made a payment directly to Chrysler of $2,545.65, a creditor. Second, the parties have stipulated that the payment was made in partial satisfaction of the May 16, 2007 note for the purchase of Debtor's 2006 Dodge Caravan, an antecedent debt. The third element, insolvency, is present. The transfer was made on or about January 24, 2009, and Debtors filed for relief under Title 11 less than 90 days later, on February 12, 2009. Pursuant to 11 U.S.C. § 547(f), a debtor is presumed to be insolvent during the 90 days preceding bankruptcy. Chrysler has not attempted to rebut the presumption, so the third element is satisfied. Fourth, as stated above, the transfer was made within 90 days before bankruptcy. Fifth, for the reasons set forth below, the Court finds the transfer enabled Chrysler to receive a larger share of the estate than if the transfer had not been made.

---

[4] 11 U.S.C. § 547(g).

[5] *Rocor Liquidation Estate v. UPAC (In re Rocor Intern'l, Inc.)*, 380 B.R. 567, 571 (10th Cir. BAP 2007).

The fifth element is the only one contested by Chrysler.[6] The Trustee correctly asserts that the payment to Chrysler is not protected simply because Chrysler is a secured creditor. A payment to a fully secured creditor, even if otherwise satisfying the elements of a preference, is not preferential because the creditor would be fully paid in a liquidation.[7] However, this is not true when a creditor is under secured. "Payments to a partially secured creditor from property not covered by its lien, however, have a preferential effect, because in a chapter 7 liquidation that creditor would receive a distribution for the full value of its secured claim, in addition to the payments already received."[8] Trustee asserts that the $2,545.65 payment was preferential because on the date of transfer the Dodge Caravan had a value of no greater than $11,978.00, the NADA "clean retail" value,[9] and *after* the challenged transfer the principal balance on the note was $13,029.73.[10] (stipulation ¶7). It is also stipulated that "[u]nsecured creditors will not receive a 100% dividend even if the payment at issue herein is recovered for the benefit of the estate."[11] Chrysler responds that it did not receive $2,545.65 more than it would have received if

---

[6] Doc. 28, p. 6.

[7] *E.g., In re Rocor Intern'l, Inc.*, 380 B.R. at 571.

[8] 5 *Collier on Bankruptcy* ¶ 547.03[7] (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 15th ed. rev. 2009). See *Jarboe v. Yukon Nat'l Bank*, 866 F.2d 355 (10th Cir. 1989); *Flynn Rare Coins, Inc. v. MidAmerican Bank and Trust Co. (In re Joe Flynn Rare Coins, Inc.)*, 81 B.R. 1009 (Bankr. D. Kan. 1988).

[9] Doc. 24, stipulation ¶ 8. This value is higher than the Kelley Blue Book value as of the same date of no more that $7,590.00. *Id.*, ¶ 9.

[10] *Id.*, ¶ 7.

[11] *Id.*, ¶ 11.

6

the vehicle had been liquidated, that at most the amount is $1,059.73, the difference between the stipulated value of $11,970 and the unpaid principal balance at the time of filing, 13,029.73.[12]

The Court finds that the Trustee's analysis is generally correct and rejects Chrysler's response. The Trustee's position is based upon a straightforward reading of the stipulation. Chrysler's position is based upon an erroneous application of stipulation paragraph 7, which states, "On or about January 24, 2009 the debtors paid $2,545.65 to defendant Chrysler with regard to the obligation. *After* this payment, the debtor's principal balance was $13,029.73." (Emphasis supplied). As clearly stated in the stipulation, the $13,029.73 principal balance owed on January 24, 2009 (and also on the date of filing since no payment were made between January 24, 2009 and February 12, 2009), includes credit for the $2,545.65 payment. In order to compare the hypothetical liquidation amount with the amount that would be received if the payment had not been made, the $2,545.65 must be added to the balance due on the date of filing. Assuming no transfer, the balance owing on the date of filing would have been $15,575.38, which is $3,597.38 more than $11,978.00, the most that could be received from liquidation of the collateral. The Trustee has proven each of the elements of a preferential transfer.

Except as to $376.53 of the transfer, the Court also rejects Chrysler's other defenses. First, the fact that the payments were due under the contract between Chrysler and Debtors for the period January 30, 2009 through July 2009 does not provide a full defense. The presence or absence of consideration is not relevant to preferential transfer analysis. However, the Court does note that Debtors' last prepetition monthly payment of $376.53 as due on January 30,

---

[12] Doc. 28, p. 6.

7

2009, just six days after the transfer in issue made on January 24, 2009. Examination of the payment history attached to the stipulation shows that Debtors often made payments several days before the end of month due date. The Court therefore finds that $376.53 of the transfer constituted an ordinary course payment, which is not preferential under § 547(c)(2). This defense does not apply to the payments due after January 30, 2009.

The Court also rejects Chrysler's defense that "Debtors did not make a preferential payment; instead they took funds that they had prior to the bankruptcy, potentially exempt funds, and put them into an exempt asset pre-petition."[13] First, there is no evidence that the funds were potentially exempt. Second, the cases relied upon by Chrysler are not relevant. The authorities cited for support are cases where discharge was challenged under 11 U.S.C. §727(a)(2)(A) for allegedly fraudulently diminishing an estate prepetition by converting non-exempt assets to exempt assets. The cases recognize that such conduct is not a basis to deny discharge if there is a lack of fraudulent intent.[14] This is a preference case, not an objection to discharge case. Appropriate prepetition estate planning is recognized in preferential transfer jurisprudence by the principle that payments to fully secured creditors are not preferential. However, as discussed above, this rule does not apply to under secured creditors, such as Chrysler in this case.

**CONCLUSION.**

For the reasons stated above, the Court finds that except for the payment of $376.53 due on January 30, 2009, payment to Chrysler of $2,545.65 on or about January 24, 2009 was a

---

[13] Doc. 28, p. 4.

[14] *Mathai v. Warren (In re Warren)*, 512 F.3d 1241 (10th Cir. 2008); *Gullickson v. Brown (In re Brown)*, 108 F.3d 1290 (10th Cir. 1997); *Marine Midland Business Loans, Inc. v. Carey (In re Carey)*, 938 F.2d 1073 (10th Cir. 1991).

8

preferential transfer which the Trustee may avoid under 11 U.S.C. § 547(b) and recover from Chrysler under 11 U.S.C. §550(a) for the benefit of the estate. Accordingly judgment will be entered finding that the transfer of $2,169.12 was preferential.

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure which makes Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 9021 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

###